UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YUSUF AHMED, et al.,  :

       Plaintiffs,  :  Civil Action
v.      No. 20-30056-MGM
  :
LIBERTY MUTUAL GROUP INC., et al.,
  :
       Defendants.
  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO TRANSFER VENUE TO THE EASTERN DIVISION**

          James R. Carroll
          Eben P. Colby
          Michael S. Hines
          Mary E. Grinman
          SKADDEN, ARPS, SLATE
           MEAGHER & FLOM LLP
          500 Boylston Street
          Boston, Massachusetts 02116
          (617) 573-4800

          *Counsel for Defendants*
          *Liberty Mutual Group Inc.,*
          *the 401(k) Administrative Committee,*
          *David H. Long, James Kelleher, Mark C.*
          *Touhey, Neeti Bhalla, Dennis J. Langwell,*
          *Melanie M. Foley, Christopher Peirce,*
Dated: May 4, 2020         *and John Does 1-40*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................3

I.    GOOD CAUSE EXISTS PURSUANT TO LOCAL
RULE 40.1(f) TO TRANSFER THIS CASE TO THE EASTERN DIVISION .................3

II.    28 U.S.C. § 1404(a) PROVIDES AN INDEPENDENT
BASIS FOR TRANSFER TO THE EASTERN DIVISION ..............................................6

CONCLUSION......................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**                       **PAGE(S)**

*Brown v. SunTrust Banks, Inc.*,
    66 F. Supp. 3d 81 (D.D.C. 2014) ........................................................................................7

*Burgess v. HP, Inc.*,
    No. 16-CV-04784-LHK, 2017 WL 467845 (N.D. Cal. Feb. 3, 2017) ................................7

*F.A.I. Electronics Corp. v. Chambers*,
    944 F. Supp. 77 (D. Mass. 1996) .......................................................................................6

*Johnson v. New York Life Insurance Co.*,
    C.A. No. 12-11026-MLW, 2013 WL 1003432 (D. Mass. Mar. 14, 2013) .......................5,6

*Lord's & Lady's Hair Salon, Inc. v. Lords & Ladies, Inc.*,
    No. 79-1365, 1979 WL 24984 (D. Mass. Nov. 27, 1979) (Nelson, J.) ...............................6

*McKeague v. One World Technologies, Inc.*,
    C.A. No. 14-14438-NMG, 2015 WL 12967853 (D. Mass. July 21, 2015) ...................3,4,6

*Teets v. Great-West Life & Annuity Insurance Co.*,
    No. 2:14-cv-1360 KJM DAD, 2014 WL 4187306 (E.D. Cal. Aug. 21, 2014) .................5,6

*Thermo Niton Analyzers, LLC v. Morningsight Capital, LLC*,
    C.A. No. 10cv10374-NG, 2010 WL 2836157 (D. Mass. July 16, 2010) ...........................5

**RULES**                       **PAGE(S)**

Local Rule 40.1 .............................................................................................................................1,3,6

28 U.S.C. § 1404 ..............................................................................................................................1,6

Defendants Liberty Mutual Group Inc. ("Liberty Mutual"), the 401(k) Plan Administrative Committee (the "PAC"), David H. Long, James Kelleher, Mark C. Touhey, Neeti Bhalla, Dennis J. Langwell, Melanie M. Foley, Christopher Peirce and John Does 1-40 (collectively, "Defendants") respectfully submit this memorandum in support of their motion to transfer this case to the Eastern Division of the United States District Court for the District of Massachusetts pursuant to Local Rule 40.1(f) and 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This is a putative class action brought on behalf of participants and beneficiaries of the Liberty Mutual 401(k) Plan (the "Plan") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. ¶¶ 1, 205.) Although Plaintiffs have filed this action in this District's Western Division, it has virtually no connection to the Western Division and should be transferred to the Eastern Division for the convenience of the witnesses and the parties.

Plaintiffs -- six current and former participants in the Plan -- allege that Defendants breached their fiduciary duties in connection with the management and administration of the Plan. (*See id.* ¶¶ 213, 221, 228, 234.) Liberty Mutual -- the Plan's sponsor -- is headquartered in the Eastern Division in Boston (*id.* ¶ 21), where it has been headquartered since its founding in 1912. Moreover, the Plan is managed and administered from Boston, every member of the fiduciary committee responsible for the administration of the Plan both works in Boston and personally resides in the Eastern Division, and the fiduciary committee meets regularly at Liberty Mutual's Boston headquarters to discuss and make decisions regarding the Plan. In addition, several of the Plan's third-party service providers are based in Boston. The proposed class action representative Plaintiffs, by contrast, are scattered across the country -- two plaintiffs reside in Massachusetts and the other four reside in New Hampshire, Michigan, Oregon,

and Oklahoma. In short, this action should proceed in the Eastern Division, where the conduct giving rise to the litigation occurred, and where the witnesses and the majority of the parties are located.

## BACKGROUND

On April 10, 2020, Plaintiffs (who include two Massachusetts residents and four out-of-state residents) filed this action in the Western Division on behalf of a putative class of "[a]ll participants and beneficiaries of the Liberty Mutual 401(k) Plan from April 10, 2014 through the date of judgment," alleging violations of ERISA in connection with the management of the Plan. (*Id.* ¶¶ 1, 15-20, 205.) Plaintiffs allege that they are one current and five former employees of Liberty Mutual and are either current or former participants of the Plan. (*Id.* ¶¶ 15-20.)

Liberty Mutual is a global property and casualty insurer headquartered at 175 Berkeley Street in Boston. (Declaration of Lori B. Andrews In Support Of Defendants' Motion To Transfer Venue To The Eastern Division ¶ 4 (cited as "Andrews Decl. ¶ __"); *see* Compl. ¶ 21.) Liberty Mutual has been headquartered in Boston since it was founded in 1912. (Andrews Decl. ¶ 4.) The Plan -- which provides Liberty Mutual employees the opportunity to save for their retirement -- is administered by the PAC, which is responsible for, among other things, selecting and monitoring the investment options available to Plan participants. (*Id.* ¶ 6; *see also* Compl. ¶¶ 24-25.) Plaintiffs allege that Defendants David H. Long, James Kelleher, Mark C. Touhey, Neeti Bhalla, Dennis J. Langwell, Melanie M. Foley, and Christopher Peirce were members of the PAC during the putative class period. (Compl. ¶¶ 26-32.)

The PAC manages the Plan from Liberty Mutual's headquarters in Boston. (Andrews Decl. ¶ 6.) Each of the members of the PAC resides in the Eastern Division and works at Liberty Mutual's Boston headquarters. (Id. ¶¶ 9-15.) The PAC meets regularly at the Boston

headquarters to discuss and administer the Plan.  (*Id.* ¶ 6.)  The PAC has never had a single meeting in the Western Division, and no decisions related to the Plan were made there.  (*See id.*)  All records of the PAC are maintained in Boston.  (*Id.* ¶ 7.)

## ARGUMENT

**I.    GOOD CAUSE EXISTS PURSUANT TO LOCAL RULE 40.1(f) TO TRANSFER THIS CASE TO THE EASTERN DIVISION**

Local Rule 40.1(f) governs the transfer of a case between the three divisions of the District of Massachusetts.[1]  The Court may transfer "[a]ny case . . . from one division to another division on motion of any party for good cause shown or sua sponte for good cause."  LR 40.1(f).  The court considers many factors when evaluating "good cause" under Local Rule 40.1(f), including the location where the conduct giving rise to the litigation occurred, the location of witnesses, and the location of the parties.  *See, e.g.*, *McKeague v. One World Techs., Inc.*, C.A. No. 14-14438-NMG, 2015 WL 12967853, at *1 (D. Mass. July 21, 2015).  For example, in *McKeague*, Magistrate Judge Kelley transferred a personal injury case alleging injury inflicted by a table saw from the Eastern Division to the Western Division because the facts giving rise to the litigation occurred in the Western Division.  Among other things, the Court observed that the table saw accident had occurred in the Western Division, that the saw was purchased in the Western Division, that the plaintiff resided in the Western Division, and that the unknown witnesses identified in the plaintiff's initial disclosures resided in the Western Division.  *Id.* at *2.  The Court concluded that the relevant factors "weigh[ed] in favor of a

---

[1]    Local Rule 40.1(d)(1)(E) provides that cases not governed by subsection (d)(1) may be filed in the division chosen by plaintiff subject to transfer.  Subsection (d)(1) is inapplicable here because not all of the parties reside in Massachusetts, the parties that are Massachusetts residents reside in *both* the Eastern and Western Divisions, and no governmental agency is a party.  *See* Local Rule 40.1(d)(1)(A-D).  Of the fifteen total parties to this case, nine are located in the Eastern Division and only two in the Western Division.

3

Western Division venue" and that the "Plaintiff ha[d] shown good cause to transfer th[e] case." *Id.* at *2-3. As in *McKeague*, each of the relevant factors here supports a transfer of this case to the Eastern Division.

*First*, Plaintiffs' claims arise exclusively out of conduct that occurred in the Eastern Division. At bottom, the Complaint alleges that Defendants did not satisfy their fiduciary duties with respect to the decisions they made on behalf of the Plan, including decisions related to the Plan's recordkeeping and managed account services and certain investment options offered in the Plan. (Compl. ¶¶ 213, 221, 228, 234.) All of those decisions were made in Boston. (Andrews Decl. ¶ 6.) The PAC researched, negotiated with, discussed, selected, and monitored the Plan's service providers and investment options *only* in Boston. (See *id.*)

*Second*, nearly all of the witnesses that may be relevant to the parties' claims and defenses are located in the Eastern Division. The Plan's sponsor -- Liberty Mutual -- is located in Boston and each member of the PAC works at Liberty Mutual's headquarters in Boston and personally resides in the Eastern Division. (*Id.* ¶¶ 4-5, 8-15.) In addition, two of the Plan's third-party service providers identified in the Complaint have their headquarters in the Eastern Division: Fidelity Investments Institutional Operations Company, Inc. and Strategic Advisors, LLC. (Andrews Decl. ¶ 8 .)

*Third*, a majority of the parties -- including all of the Defendants -- are located in the Eastern Division. Although two of the six named Plaintiffs reside in the Western Division, the four other Plaintiffs reside in New Hampshire, Michigan, Oregon, and Oklahoma. (Compl. ¶¶ 15-20.) Moreover, Plaintiffs' residence is of little relevance here, where the Complaint purports to be brought on behalf of a nationwide class and where the operative facts alleged in

4

the Complaint occurred exclusively in the Eastern Division.  In such circumstances, courts have repeatedly concluded that a plaintiff's chosen forum is entitled to little weight in the transfer analysis.  *See, e.g.*, *Teets v. Great-W. Life & Annuity Ins. Co.*, No. 2:14-cv-1360 KJM DAD, 2014 WL 4187306, at *2 (E.D. Cal. Aug. 21, 2014) (granting motion to transfer venue in a putative ERISA class action to the district where the plan sponsor was headquartered and holding that "plaintiff's choice of forum is entitled to little weight when he purports to act as the representative of a nationwide class"); *Johnson v. New York Life Ins. Co.*, C.A. No. 12-11026-MLW, 2013 WL 1003432, at *3 (D. Mass. Mar. 14, 2013) (granting motion to transfer venue in a Fair Labor Standards Act case and holding that "[a] plaintiff's choice of forum is less significant, for example, in the context of class actions").  Further, Plaintiffs' chosen forum merits even less deference where -- as here -- it has little to no connection to the claims in the case.  *See Thermo Niton Analyzers, LLC v. Morningsight Capital, LLC*, C.A. No. 10cv10374-NG, 2010 WL 2836157, at *2 (D. Mass. July 16, 2010) ("[W]here the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight.") (citation omitted).

In short, the Eastern Division is a far more convenient forum for litigating this action than the Western Division because all of the operative facts, witnesses, and the majority of the parties are located in the Eastern Division.  Moreover, litigating in the Eastern Division will pose little -- if any -- inconvenience to Plaintiffs, most of whom reside outside of Massachusetts.  Indeed, Boston is more convenient for those Plaintiffs traveling from Michigan, Oklahoma, Oregon, and Exeter, New Hampshire.  Even Plaintiffs' local counsel is located in the Eastern Division; lead Plaintiffs' counsel is located in St. Louis, Missouri.

## II.  28 U.S.C. § 1404(a) PROVIDES AN INDEPENDENT BASIS FOR TRANSFER TO THE EASTERN DIVISION

28 U.S.C. § 1404(a) provides an independent basis for transfer to the Eastern Division.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought."  28 U.S.C. § 1404(a) (emphasis added).  As with Local Rule 40.1(f), courts consider numerous factors when ruling on a motion to transfer pursuant to § 1404(a), including "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively."  *F.A.I. Elecs. Corp. v. Chambers*, 944 F. Supp. 77, 81 (D. Mass. 1996).[2]  In addition, "[t]ypically, it is not the convenience of the parties, but rather the convenience of the witnesses, that is the most important factor in considering a motion to transfer venue."  *Johnson*, 2013 WL 1003432, at *1.

The § 1404(a) factors weigh strongly in favor of transferring venue to the Eastern Division.  As discussed above, most of the witnesses and parties are located in the Eastern Division.  Moreover, there are no competing "practical problems associated with trying the case" in the Eastern Division.  *See F.A.I. Elecs. Corp.*, 944 F. Supp. at 81.  Indeed, courts across the country have readily transferred putative ERISA class actions under analogous circumstances.  *See, e.g.*, *Teets*, 2014 WL 4187306, at *2 (granting motion to transfer putative ERISA class

---

[2]  Although it is "unsettled whether [28 U.S.C.] § 1404(a) applies to a request to transfer venue within the District of Massachusetts" *McKeague*, 2015 WL 12967853, at *1, the factors considered by the court in evaluating a § 1404(a) transfer and a Local Rule 40.1(f) transfer are nearly identical.  Moreover, at least one court has granted a motion for an intra-district transfer in Massachusetts pursuant to § 1404(a).  *See Lord's & Lady's Hair Salon, Inc. v. Lords & Ladies, Inc.*, No. 79-1365, 1979 WL 24984, at *1 (D. Mass. Nov. 27, 1979) (Nelson, J.).

6

action to the district where the plan sponsor was headquartered and "where the plan [wa]s administered," noting that "the key employees with information about the issues raised in the complaint [we]re based in" that location); *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *13 (N.D. Cal. Feb. 03, 2017) (granting motion to transfer putative ERISA class action to the district where the primary defendant was headquartered); *Brown v. SunTrust Banks, Inc.*, 66 F. Supp. 3d 81, 82 (D.D.C. 2014) (granting motion to transfer putative ERISA class action to the district where "[a]ll Defendants, key witnesses, and relevant documents [we]re located" and where the "ERISA plan at issue [wa]s administered").  Similar to each of those cases, Plaintiffs' claims should be transferred to the Eastern Division, where the Plan was administered and where all of the decisions concerning the Plan were made.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to transfer this case to the Eastern Division of the District of Massachusetts should be granted.

| | |
|---|---|
| Dated: May 4, 2020<br>Boston, Massachusetts | Respectfully submitted,<br><br>/s/ James R. Carroll<br>James R. Carroll (BBO # 554426)<br>Eben P. Colby (BBO # 651546)<br>Michael S. Hines (BBO # 653943)<br>Mary E. Grinman (BBO # 694097)<br>SKADDEN, ARPS, SLATE<br>  MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, Massachusetts 02116<br>(617) 573-4800<br>james.carroll@skadden.com<br>eben.colby@skadden.com<br>michael.hines@skadden.com<br>mary.grinman@skadden.com<br><br>*Counsel for Defendants*<br>*Liberty Mutual Group Inc.,*<br>*the 401(k) Administrative Committee,*<br>*David H. Long, James Kelleher, Mark C.*<br>*Touhey, Neeti Bhalla, Dennis J. Langwell,*<br>*Melanie M. Foley, Christopher Peirce,*<br>*and John Does 1-40* |