# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUSUF AHMED, et al., | |
| *Plaintiffs,* | |
| v. | No. 3:20-cv-30056-MGM |
| LIBERTY MUTUAL GROUP, INC., et al., | |
| *Defendants.* | |

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request preliminary approval of a Class Action Settlement. Defendants do not oppose this motion.

On April 10, 2020, Plaintiffs brought this action alleging that Defendants Liberty Mutual Group, Inc. and the 401(k) Plan Administrative Committee (collectively, "Defendants")[1] breached their fiduciary duty under 29 U.S.C. § 1104(a) relating to the management and administration of the Liberty Mutual 401(k) Plan (the "Plan"). Dkt. No. 1. On January 14, 2026, after years of adversarial litigation, extensive discovery, and protracted arm's length negotiations, the parties agreed in principle to settle the case. Dkt. No. 195. The final terms of the settlement are set forth in the Settlement Agreement executed on February 17, 2026. *See* Exhibit A (Settlement Agreement attached hereto).[2]

The Settlement is fundamentally fair, adequate, and reasonable in light of the

---

[1] The individually named defendants were dismissed from this suit on December 23, 2022, pursuant to a stipulation between the parties. Dkt. No. 55.

[2] If not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

circumstances of this case, and preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives' and Class Members' claims, Defendants have agreed to pay a sum of $13,400,000 and implement certain non-monetary relief for the benefit of Plan participants moving forward.

At the preliminary approval stage, the Court is only required "to make a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms." *Meaden v. Harborone Bank*, No. 23-10467-AK, 2023 U.S. Dist. LEXIS 87154, at *3 (D. Mass. May 18, 2023) (quoting *Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 97 n.1 (D. Mass 2010)). The Settlement reached between the parties more than satisfies this standard given the complex nature of the case and the results obtained for Class Members. Preliminary approval will not foreclose interested parties from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

In support of preliminary approval, Plaintiffs submit a Memorandum in Support of this Motion and the Declaration of Joel D. Rohlf.

Plaintiffs respectfully request:

- That the Court enter an order granting its preliminary approval of the Settlement Agreement;

- That the Court order any interested party to file any objections to the Settlement, with supporting documentation, within the time limit set by the Court, and to serve all objections on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Final Fairness Hearing for the purpose of receiving evidence,

argument, and any objections relating to the Settlement Agreement. Given the time needed to process and deliver notices to Class Members, the deadline to object to the Settlement, and the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Final Fairness Hearing be held no earlier than July 24, 2026 [**or no earlier than 120 days after entry of the Court's order preliminarily approving the Settlement**];[3] and

- That following the Final Fairness Hearing, the Court enters an Order granting final approval of the Settlement.

February 17, 2026                                    Respectfully submitted,

/s/ Joel D. Rohlf
Joel D. Rohlf (*pro hac vice*)
Troy Doles (*pro hac vice*)
Kurt C. Struckhoff (*pro hac vice*)
Nathan D. Stump (*pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Fax: (314) 621-5934
jrohlf@uselaws.com
tdoles@uselaws.com
kstruckhoff@uselaws.com
nstump@uselaws.com

Ruben Chapa (*pro hac vice*)
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
Telephone: (630) 919-9301
Fax: (314) 621-5934
rchapa@uselaws.com

*Lead Counsel for Plaintiffs*

---

[3] Based on the Settling Parties' availability, they jointly propose that the Final Fairness Hearing occur on or after July 24, 2026.

Robert T. Naumes, BBO # 367660
Christopher Naumes, BBO # 671701
NAUMES LAW GROUP
2 Granite Ave, #425
Milton, Massachusetts 02186
617-227-8444
617-696-2437 (fax)
robert@naumeslaw.com
christopher@naumeslaw.com

*Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 17, 2026.

/s/ Joel D. Rohlf