**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| YUSUF AHMED, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>LIBERTY MUTUAL GROUP, INC., et al.,<br><br>*Defendants.* | No. 3:20-cv-30056-MGM |

**FINAL ORDER AND JUDGMENT**

This litigation arises out of a class action alleging breaches of fiduciary duties against Defendants Liberty Mutual Group Inc. and the 401(k) Plan Administrative Committee (together, "Defendants") under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq*., with respect to their management, operation, and administration of the Liberty Mutual 401(k) Plan (the "Plan"). Before the Court is the Motion for Final Approval of the Settlement of the above-referenced litigation. Upon consideration of the Motion, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic means or by first-class mail, postage prepaid, to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by the Settlement Administrator. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., notice was provided to the Attorneys General for

each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3. The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(e)(1), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

4. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

5. Each and every objection to the Settlement is overruled with prejudice.

6. Pursuant to Rule 23(e)(2), and after the Court's review of the Settlement Agreement, the Motion for Final Approval and supporting memorandum, and the Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards for Class Representatives and supporting memorandum, the Court finds the following:

a. The Class Representatives and Class Counsel have adequately represented the Class;

b. The Settlement Agreement was negotiated at arm's length;

c. The relief provided for the Class is adequate in light of the following:

i. The costs, risks, and delay of trial and appeal;

ii. The effectiveness of the method of distributing the relief to the Class, including the method of processing Class Members' claims;

iii. The terms, timing, and amounts of Class Counsel's requested attorneys' fees and reimbursement of expenses; and,

iv. The identified Settlement Agreement and its terms.

d. The Settlement Agreement treats Class Members, including the Class Representatives, equitably to each other.

7. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

8. For these reasons, and those additional reasons identified in the Court's separate order and incorporated herein granting Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards for Class Representatives, the Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Litigation is **APPROVED** as fair, reasonable, and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

9. The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

10. The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, regardless of whether or not any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now known or believe to be true with respect to the Released Claims, whether or not such Class Member receives a monetary

benefit from the Settlement, executed and delivered a Former Participant Claim Form, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11. The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission) any cause of action, demand, claim, or counterclaim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

12. Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Defendants and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, each Class Member, and the Plan has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members, and the Plan have hereby acknowledged that the foregoing waiver was bargained for separately

and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

13. The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

14. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15. Each Class Member shall hold harmless Defendants, Defense Counsel, the Released Parties, Class Counsel, and Class Representatives for any claims, liabilities, attorneys' fees, and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement

Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

17. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18. With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrators or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

19. Within seven (7) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

20. Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement (including any amendments thereto) and by this Final Order.

**IT IS SO ORDERED.**

DATED: 9/9, 2026

HON. MARK G. MASTROIANNI
UNITED STATES DISTRICT JUDGE